STATE EX REL. v. JOHN H. FARLEY, MAYOR, ET AL.

LEGISLATURE MAY CHANGE FIREMEN'S PENSION FUND LAWS.

It is within the power of the legislature to change or abolish laws relating to the subject of pensions to disabled firemen, and the fact that an injured fireman was pensioned under the law of 1880, 77 O. L., 309, and the amendments of April, 1886, 83 O. L., 37, and 1883, and drew fifty dollars per month, gives such person no vested rights which could not be changed by the law of April, 1890, Sec. 2477, Rev. Stat., 87 O. L., 227, reducing the pension to $42.50 per month. Relator's rights, under such case, are under present existing statutes.

APPEAL.

*W. T. Clark*, for plaintiff.
*Hogsett, Beacom, Excell, Gage & Carey*, for defendant.

HALE, J.

In the year 1872 the relator, Maurice Price, became a member of the fire department of the city of Cleveland. In the year 1881, while in the performance of his duties as such fireman he received an injury, permanently disabling him from further service. On September 21, 1883, he was placed on the pension list, under a law of 1880 (77 O. L., 309), and the amendment thereto of 1883, 80 O. L., 86, and drew monthly, until the change hereinafter stated, the sum of forty dollars per month. On April 30, 1886, 83 O. L., 37, the law of 1880 and the amendment thereto of 1883, were repealed and a new act passed by the general assembly, under which act the relator received for several years a pension of fifty dollars per month. On April 30, 1890, 87 O. L., 227, Sec. 14,

Sec. 2477–28, Ohio Rev. Stat., all former acts that were then in force, were repealed, and a different rule provided for, fixing the amount of pension which each pensioner should receive. The rule adopted by this act, reduced the pension, which the relator was receiving, of fifty dollars per month to forty-two dollars and fifty cents per month. This action is prosecuted to compel the city to pay to the relator his former pension of fifty dollars per month.

While the granting of pensions to the class to which the relator belongs is highly meritorious and to be commended, it is, nevertheless of such a nature as to leave it within the power of the legislature to wholly abolish or change, and no one, whatever may be the merits of his claim, is entitled to any other or different pension than provided by the existing statute.

The repeal in 1890, of all the acts upon this subject, left no foundation upon which the relator can rest a claim for a pension at all except under the provision of the present act passed at the time of said repeal. It is only because of that act that he is entitled to receive any pension whatever.

He is receiving now a pension in accordance with the provision of the present act, which is all, under the statute, he is entitled to receive.

The plaintiff's petition is therefore dismissed.